STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-655 C/W 08-656


JOHN M. DUHE, JR., ET AL.

VERSUS

TEXACO, INC., ET AL.


**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 86,848 C/W 88,707
HONORABLE WILLIAM D. HUNTER, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, and Sylvia R. Cooks
Oswald A. Decuir, Judges.

AFFIRMED.


William Martin Hudson, III
Patrick B. McIntire
Lawrence E. Marino
Lisa A. Benefield
Oats & Hudson
Suite 400, Gordon Square
100 E. Vermilion Street
Lafayette, LA 70501
(337) 233-1100
Counsel for Plaintiffs/Appellees:
    Katie Meranto
    Lawrence Toups

**Robert L. Theriot**
**Liskow & Lewis**
**First City Tower**
**1001 Fannin Street, Suite 1800**
**Houston, TX 77002**
**(713) 651-2957**
**Counsel for Defendants/Appellants:**
> **Texaco, Inc.**
> **Texaco Exploration & Production, Inc.**

**Joe B. Norman**
**Liskow & Lewis**
**701 Poydras Street, Suite 5000**
**New Orleans, LA 70139-5099**
**(504) 581-7979**
**Counsel for Defendants/Appellants:**
> **Texaco, Inc.**
> **Texaco Exploration & Production, Inc.**

**Vanessa W. Anseman**
**Liskow & Lewis**
**822 Harding Street**
**Lafayette, LA 70505**
**(337) 232-7424**
**Counsel for Defendants/Appellants:**
> **Texaco, Inc.**
> **Texaco Exploration & Production, Inc.**

**Charles Simon McCowan, III**
**Kean, Miller, Hawthorne, D'Armond,**
**  McCowan & Jarman, LLP**
**P. O. Box 3513**
**Baton Rouge, LA 70825**
**(225) 387-0999**
**Counsel for Defendants/Appellants:**
> **Texaco, Inc.**
> **Texaco Exploration & Production, Inc.**

**DECUIR, Judge.**

Texaco, Inc. appeals a January 24, 2008 judgment of the district court certifying two consolidated actions as a class action under Louisiana Code of Civil Procedure Articles 591- 597. The class that was certified is a sub-class in the same litigation giving rise to our decision in *Duhe v. Texaco,* 99-2002 (La.App. 3 Cir. 2/7/01), 779 So.2d 1070, *writ denied*, 01-637 (La. 4/27/02), 791 So.2d 637. (*Duhe I*). That decision concerned certification of a sub-class based upon underpayment of royalties on oil production. The present action is very similar, but deals with claims for underpayment of royalties based upon natural gas production.

The original plaintiffs in this case had their gas claims dismissed in federal court. *Texaco, Inc. v. Duhe*, 274 F.3d 911 (5th Cir. 2001). Likewise, their claims were dismissed in state court on the grounds of res judicata. Over Texaco's objection, the trial court allowed several amendments to the suit for the purpose of adding new plaintiffs. The proposed class representatives, Katie Meranto (through her grandson, Shane Boudreaux, to whom she granted power of attorney) and Lawrence Toups are all who remain from those amendments.

The issue before us is whether the trial court correctly certified "Class III--Self Serving Gas Allocations" as a class of royalty payees of Texaco, Inc .

The plaintiffs claim that Texaco leased their property, developed the 18 fields at issue here, and built a pipeline system to transport gas. Texaco then, as marketer of natural gas, sold gas through "warranty contracts" with industrial customers such as Louisiana Power & Light (LP&L), thereby obligating Texaco to deliver fixed amounts of gas at fixed prices. By entering into these "warranty contracts," rather than "dedication contracts," where all gas from one field is dedicated to a specific customer but no volume is guaranteed, Texaco gained a competitive advantage. In 1974, Texaco's gas production was insufficient to meet its supply requirements under

the "warranty contracts." Consequently, Texaco had to buy gas on the open market in a time of rising gas prices. Accordingly, Texaco was losing money, purchasing gas at approximately $1.90 per cubic foot and selling it at the contracted price of 30.14 cents per cubic foot. Consequently, Texaco decided to use all of the gas that it produced to meet its "warranty contract" obligations. This meant that the plaintiff's gas which had not been dedicated to those contracts was now being sold at submarket prices so that Texaco could cut its own losses. Thus, Texaco obtained a benefit at the expense of its royalty owners. This conduct occurred prior to the enactment of the Natural Gas Policy Act (NGPA) in 1978. The resulting underpayment of royalties is the subject of this class action.

Texaco's liability was discharged in bankruptcy for claims prior to 1988, and all "warranty contracts" expired in 1992. Therefore, plaintiffs' claims involve only the period of time from March 23, 1988 through December 31, 1992. The class claims that Texaco breached its legal duties both under the leases and under the Louisiana Mineral Code, specifically La.R.S. 31:122, which requires Texaco, as a mineral lessee, to operate the class members' properties as a reasonably prudent operator for their mutual benefit. The class representatives claim that it was reasonable for all class members to rely on Texaco to pay royalties in accordance with the legal obligations prescribed in the agreements, as governed by the Louisiana Mineral Code and related jurisprudence. They further claim that Texaco consistently, since 1988, violated its obligation to its royalty owners.

The trial court defined the class as:

Every private (non-public) juridical person (including, but not limited to, natural persons, corporations, partnerships, trusts, limited liability corporations, joint ventures, estates, guardians, tutors, etc.):

(1) Who owned or owns royalty interest(s) in natural gas production from real property located in the State of Louisiana during any time from March 23, 1988, to date;

(2) Whose natural gas from such properties were, and/or are, produced by Defendants, their wholly controlled entities, or others;

(3) Whose natural gas was transported, and/or, marketed through Defendants, their wholly controlled entities', or affiliates' Louisiana Industrial System;

(4) Whose royalty payments for such natural gas production at any time from March 23, 1988, were calculated and/or made by Defendants;  and

(5) Whose royalty payments were based upon allocations to contract prices contained in the Louisiana Power & Light Compromise and Settlement Agreement with Texaco, dated June 4, 1982; and

(6) Whose royalty payments were based upon prices which were below "market value" (the highest prices obtainable for natural gas of like kind, character, and quality, at the times of production with reasonable effort).

## ASSIGNMENTS OF ERROR

Texaco assigns four errors which may be summarized in one.  The certified class does not meet the requirements of revised La.Code Civ.P. art. 591; where it fails to meet the requirements of commonality, typicality, adequacy of representation, predominance of common issues and superiority of a class procedure.

Four fundamentals guide our review of class certification cases; (1) the standard of our review is abuse of discretion; (2) we are to be guided by the state and federal jurisprudence interpreting Federal Rule 23 and our own law; (3) for purposes of certification, a court is not permitted to review the claims in a case on their substantive merits; and (4) the burden is on the plaintiffs to establish that the statutory criteria for a class certification are met.  *Duhe v. Texaco,* 779 So.2d 1070.

Louisiana Code of Civil Procedure Article 591(A) lists the five elements required to certify a class action.  We will address only those disputed by Texaco.

3

## COMMONALITY

Texaco contends that the trial court erred in certifying the class because there is no question common to the class. We disagree.

The trial court found that whether Texaco owed a statewide duty to their royalty owners according to the Mineral Code, whether it violated its duty by allocating gas to the "warranty contracts" instead of selling at market price; whether it violated its duty by failing to pay members for their share of production, and whether it complied with its reporting duties with respect to prescription defenses were, all common questions. In *Duhe I*, this court found, like the trial court, that the questions of whether Texaco violated its statewide duty to its royalty owners under La.R.S. art. 31:122 of the Mineral Code by failing to pay them properly for their share of production, and whether Texaco complied with its reporting duties under La.R.S. art. 31:212.31 were common questions. Likewise in this case, Texaco offers no convincing reason that these common questions do not satisfy the commonality requirement in this natural gas royalty litigation. We find no abuse of discretion in the trial court's determination that the commonality element is satisfied.

## TYPICALITY

Texaco next contends that the trial court erred in finding that the claims or defenses of the representative parties are typical of the claims or defenses of the class. All that is required to meet the test for typicality is that the representative plaintiffs' claims are based on the same legal theory and arise out of the same event as the rest of the class. *Id.*

In this case, both of the representatives share with each other and with the absent members the same interests as royalty payees. All were paid their royalty share by Texaco based upon gas classified as section 105 gas and sold to LP &L. We

4

find no abuse of discretion in the trial court's determination that the class representatives' claims were typical of the claims of the class.

## ADEQUATE REPRESENTATION

Texaco contends that the two representatives of the class are inadequate because they lack first hand knowledge and because their stake is not large enough to insure participation in the litigation. The trial court found that the representatives would fairly and adequately protect the interests of the class. There is no indication at all that their claims would be in anyway antagonistic to the absent members. They demonstrated, by their willingness to travel long distances to participate by the proceeding, and in their testimony, a commitment to the pursuit of the interests of the class. All that is required to meet the adequacy requirement is a finding that the legal rights of the unnamed members are being protected. *Id.*

We find no abuse of discretion in the trial court's finding that the class representatives meet the adequacy requirement.

## PREDOMINANCE AND SUPERIORITY

Texaco next contends that individual issues predominate; therefore, class certification is improper.

In order to certify a class, the court must also determine that questions of law or fact common to the members of the class predominate over any questions affecting only individual members. The court must also find that the class action procedure is superior to other available methods for fair and efficient adjudication of the controversy. La.Code Civ.P. art. 591B(3).

Texaco argues that each royalty owner has a different lease, all of which must be examined in order to determine the royalty obligation to each royalty owner. Therefore, Texaco claims that, as to each royalty owner, individual questions have to

5

be asked and answered as to Texaco's obligation to pay and at what price. Additionally, because each claim appears to have prescribed on its face, Texaco asserts that there will be individual issues regarding exceptions of prescription. Based on these differences, Texaco argues that questions affecting only individual members predominate over common questions and that, consequently, class certification was improper. The plaintiffs respond that there are questions of fact and law common to all class members and that those questions predominate over any possible individual issues relating to quantum, damages, relief, and/or defenses. Specifically, they contend that Texaco breached its duty to market the gas in the mutual interest of itself and the royalty owners. The plaintiffs allege that, as a result of this breach, they sustained damages, in the form of lost mineral royalties. The liability of the defendants is the central issue, which is obviously common to all of the claimants. Moreover, this common issue of liability predominates over indivudal questions important to only individual members of the class, such as the type and extent of their damages.

In *McCastle v. Rollins Environmental Services of Louisiana, Inc.*, 456 So.2d 612,620 (La.1984), the supreme court pointed out that "individual questions of quantum do not preclude a class action when predominant liability issues are common to the class." The court further concluded that "a pragmatic rather than formalistic review of the pleadings and the showing made herein clearly indicates that a class action would be superior to other available adjudicatory methods for effectuating substantive law, judicial efficiency and individual fairness in this case." *Id.* at 621.

We find that common questions predominate in this case and that, given the size of many of the claims, class action is the superior method of adjudication.

**DECREE**

For the foregoing reasons, the judgment of the trial court is affirmed. All costs of these proceedings are taxed to appellant, Texaco, Inc.

**AFFIRMED.**